[No. 26835. Department One. May 2, 1938.]

SIDNEY E. ALLEN, *Respondent*, v. INGERSOLL-RAND COMPANY *et al.*,
*Appellants*, GREAT NORTHERN RAILWAY COMPANY, *Respondent*.[1]

*Palmer, Askren & Brethorst (B. E. Lutterman,* of counsel), for
appellants.

*Charles S. Albert, Thomas Balmer,* and *Edwin C. Matthias,* for
respondents.

MAIN, J.—This action was brought to recover damages for personal injuries. The defendants, Ingersoll-Rand Company and Clarence F. Lane, one of the corporation's employees, denied liability and affirmatively pleaded contributory negligence. They also, by cross-complaint, brought in the Great Northern Railway Company and sought damages against it for the depreciation in the value of an automobile which struck a speeder or inspection car at the intersection of the railway track and a highway. The railway company denied liability and sought recovery on account of the damages to its speeder. The trial court made findings of fact from which it was concluded that the plaintiff was entitled to recover general and special damages, and that the Great Northern was entitled to recover the damages to its speeder. From the judgment entered, the defendants appeal.

This is a companion case to that of *Petersen v. Ingersoll-Rand Co., ante* p. 584, 78 P. (2d) 1083, recently decided. That case was tried to a jury, and in this case, it was stipulated between the parties that the testimony and evidence introduced in the *Petersen* case should be submitted to, and considered by, the court without a jury for the determination of the issues in the case with the same force and effect as if such testimony and evidence had been introduced in this case.

The facts are sufficiently set forth in the *Petersen* case and need not be here repeated. In that case, it was held: (a) That whether Lane was guilty of negligence was a question of fact for the jury; (b) that it could not be held that Allen, the operator of the speeder, was guilty of contributory negligence, as a matter of law; and (c) that, if Allen was guilty of contributory negligence, that negligence would be imputable to Petersen. In this case, the questions

[1] Reported in 78 P. (2d) 1086.

are: (a) Whether Lane was guilty of negligence, as a matter of fact, which was the proximate cause of the accident; (b) whether Allen was guilty of contributory negligence; and (c) the amount of the damages.

After reading and considering the evidence, the trial court found that the collision was caused by the failure of the appellant Lane to keep a proper and sufficient lookout for the inspection car or speeder and have his automobile under sufficient control to avoid the collision, and also that he was driving at a speed in excess of twelve miles an hour from a point fifty feet from the crossing after having passed an advance sign.

As we view the evidence, it sustains the findings of the trial court. We are also of the view that Allen was not guilty of contributory negligence, either as a matter of fact or as a matter of law.

As to the amount of the recovery, the trial court found that the respondent Allen was entitled to $1,500 general damages and to the sum of $612.36 special damages. The amount of the general damages, as well as the special damages, are sustained by the evidence, and we see no reason for interfering with the court's finding with reference thereto.

The judgment will be affirmed.

STEINERT, C. J., HOLCOMB, GERAGHTY, and SIMPSON, JJ., concur.